WILLIAM L. CLAY, Plaintiff, *v.* T. HERBERT KILLIP, as Chief of Police of Rochester, Monroe County, et al., Defendants.

Supreme Court, Special Term, Monroe County, March 5, 1953.

*Honora A. Miller, Corporation Counsel (James H. Boomer of counsel), for defendants.*

*William L. Clay,* plaintiff in person.

ROBERTS, J. The plaintiff is an attorney at law who represented one Harry James in connection with certain criminal charges against said James. On September 12, 1952, James was sentenced to Attica Prison from ten to twenty years on a plea of guilty. In connection with the criminal charges against James the police seized certain chattels in his residence, among which were various albums and packages of postage stamps such as are accumulated by collectors. It was claimed by the police that these postage stamps, or some of them, were obtained by James as a result of burglaries committed by him. Various attempts were made to locate persons who claimed to be the owners of said stamps and a few stamps were identified by certain claimants and set apart by the police but the majority of said stamps have been claimed by no one as owner.

In payment of the legal services rendered by the plaintiff to said James, James delivered to the plaintiff a bill of sale of various chattels including the postage stamps and other articles which had been seized by the police. Pursuant to such claim of title the plaintiff brought the above-entitled replevin action to recover possession of the chattels held by the police.

Defendants then made this motion to impound said chattels. Section 1103 of the Civil Practice Act authorizes an application by any party to a replevin action or by any third person claimant who expects to intervene for an order impounding the property in the custody of the sheriff. Upon any such application the court is authorized to impound the property " if it is found that the property is of such a nature, or the circumstances are such, *that the applicant, if found to be entitled to the property,* would not be adequately compensated for its loss by the payment of its pecuniary value ". (Emphasis supplied.) This is a new section, having been added to the Civil Practice Act by chapter 829 of the Laws of 1952, effective September 1, 1952.

Prior to the adoption of this section there was no provision for impounding chattels in connection with a replevin action. The purpose of the enactment is obviously to protect any party

to the action or any claimant to the property who expects to intervene in the action against loss in the event such party is ultimately adjudged to be entitled to the property. If the chattel is of such a nature that payment of its pecuniary value would not be adequate compensation for its loss, the one who claims to be entitled to the property may seek to impound the same pending the determination of the replevin action. The adoption of this section was recommended by the Judicial Council and the following comment indicates the purpose of the new section: '' The proposed new section 1103 recognizes that in some instances payment of a sum of money is not adequate to compensate a person for loss of property and, in such instances, empowers the court, upon application of any party or claimant, to impound the chattel during the pendency of the action.'' (Seventeenth Annual Report of N. Y. Judicial Council, 1951, pp. 257–258.)

The defendants who here make the motion to impound are police officers of the city of Rochester. They do not claim to be owners of the chattels in question nor do they claim in any way to be entitled to the property. They assert merely that it is their belief that the chattels or some of them were stolen and that the same should be impounded to permit further opportunity to the true owners to appear and identify any of the chattels which they may claim to own. Laudable as may be the intention of the defendants, it seems clear from the wording of the section that the Legislature did not intend that chattels should be impounded for the purpose here sought by the defendants. The intention is to give only to one who claims ownership in the property the right to impound the same pending the determination of such question of ownership, and then only where loss of the chattels could not be adequately compensated for by payment of the pecuniary value.

Motion denied, with $10 costs.